**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LAWRENCE MESSMER and
BECKY MESSMER,

        Plaintiffs,

v.                                              Case No. 3:16-cv-1510-J-34JBT

THOR MOTOR COACH, INC.,

        Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279 - 1280 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On December 7, 2016, Defendant Thor Motor Coach, Inc. (Thor) filed Defendant Thor Motor Coach, Inc's Notice of Removal (Doc. 1; Notice) removing this case from the Circuit Court, Seventh Judicial Circuit in and for St. Johns County, Florida. See Notice at 1. In the Notice, Thor asserts that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a) because "Thor is not a citizen of the forum state of Florida, the parties are completely diverse in their citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs." Id. ¶ 8. However, Thor has failed to allege sufficient facts to plausibly demonstrate that the amount in controversy exceeds $75,000.[1] See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).

The Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). However, "when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,]" reliance on such reasoning to establish jurisdiction "is not akin to [impermissible] conjecture, speculation, or star gazing." Id. at 754. Indeed, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Id. All that is required is that a removing defendant show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. See id. at 752 (quoting Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).

---

[1] The Court is satisfied that Thor has sufficiently alleged diversity of citizenship.

This matter arises out of Lawrence and Becky Messmers' purchase of an allegedly defective motor coach manufactured by Thor. See Complaint (Doc. 3) ¶¶ 5-9. The Messmers assert state law claims for strict liability, breach of various express and implied warranties, negligence, misrepresentation, and violation of Florida's Motor Vehicle Warranty Enforcement Act, Fla. Stat. § 681.10 et seq. (the Lemon Law). See generally Complaint. The Messmers seek actual, compensatory, punitive and general damages, as well as prejudgment interest, attorney's fees and costs. See Complaint at 15. However, the Complaint includes no description of the damages the Messmers actually sustained except the allegation that "[t]he value of Plaintiffs' claim exceeds Fifty Thousand Dollars ($50,000.00)." See id. at 1.

In support of removal, Thor alleges that the amount in controversy requirement is met because "the Plaintiffs allege that they are entitled to recover in excess of $116,000.00 by way of either a replacement vehicle or full refund of the price of the vehicle, plus interest, costs and fees." See Notice ¶ 12. However, upon review of the Complaint, although Plaintiffs allege that Florida's Lemon Law allows for recovery of a replacement vehicle or full refund, see Complaint ¶ 71, it is not clear whether Plaintiffs are actually seeking this relief. The demand for judgment does not include a request for a refund or replacement vehicle, nor do they otherwise state an intention to seek a revocation of acceptance. See Complaint at 15. However, even if the Messmers do intend to pursue this relief, such an award would include their obligation to "furnish to the manufacturer clear title to and possession of the motor vehicle." See Fla. Stat. § 681.104(2)(a). As such, the amount in controversy would be the purchase price of the motor coach less the current value of the allegedly defective

motor coach, further reduced by "a reasonable offset for use . . . ." See Fla. Stat. § 681.104(2)(a); see also Burns v. Winnebago Indus., Inc., No. 8:10-cv-1441-T-24-MAP, 2010 WL 3190233, at *3 n.5 (M.D. Fla. Aug. 11, 2010). The Court has no information by which to estimate those values. Absent any indication that the Messmers consider the allegedly defective motor coach to be worthless at this time, the purchase price alone is insufficient to establish the amount in controversy. Cf. Allen v. Toyota Motor Sales, U.S.A., Inc., 155 F. App'x 480, 482 (11th Cir. 2005) (finding that the purchase price represented one component of the damage request in a breach of warranty action where the evidence made clear that the plaintiffs "deemed the defective [vehicle] to be entirely without value because of alleged safety defects that the manufacturer was unwilling or unable to remedy").

Likewise, as to the breach of warranty claims, the amount in controversy would not be the purchase price of the motor coach, but rather the difference between the purchase price of the motor coach and the value of the allegedly defective motor coach on the date of purchase. See Burns, 2010 WL 3190233, at *2 ("However, since the proper measurement of Plaintiff's damages for breach of warranty is the diminished value of the RV on the date of sale due to its defective condition, the Court cannot use the purchase price of the RV as the sole basis for finding that the jurisdictional threshold has been met.")[2]; see also Fla. Stat. § 672.714(2) ("The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would

---

[2]The Court notes that the Burns case included a claim for breach of express warranty under the Magnuson-Moss Warranty Act (MMWA). See Burns, 2010 WL 3190233, at *1. As such, the relevant jurisdictional threshold in that case was $50,000. See 15 U.S.C. § 2310(d)(3). Plaintiffs do not allege a claim under the MMWA in this case. Nonetheless, the Court finds the analysis in Burns to be relevant here in that the court relied on Florida state law to determine the proper measure of damages for the MMWA claim. See Burns, 2010 WL 3190233, at *2 n.2.

have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."). In addition, neither party provides the Court with any information by which to assess the damages at issue with respect to Plaintiffs' tort claims. In light of Plaintiffs' vague allegations of damages, and in the absence of any information regarding the value of the defective motor coach, the Court is unable to determine whether the amount in controversy requirement is satisfied here.  "[W]ithout facts or specific allegations, the amount controversy [can] be 'divined [only] by looking at the stars'–only through speculation–and that is impermissible." Pretka, 608 F.3d at 753-54 (third alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). As such, Thor has failed to provide the Court with sufficient information for the Court to determine whether it has jurisdiction over this action.[3]  In light of the foregoing, it is

**ORDERED**:

---

[3] When a case is removed from state to federal court, the removing party has the burden of establishing that federal jurisdiction exists. See Williams, 269 F.3d at 1319.

Defendant Thor Motor Coach, Inc. shall have up to and including **February 13, 2017**, to file an amended notice of removal demonstrating that this Court has subject matter jurisdiction over this case.

**DONE AND ORDERED** in Jacksonville, Florida on this 18th day of January, 2017.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11

Copies:
Counsel of Record